[L.A. No. 30731. Apr. 3, 1979.]

SUSAN NORTHINGTON et al., Plaintiffs and Respondents, v.
EDWARD DAVIS, as Chief of Police, etc., et al.,
Defendants and Appellants.

**COUNSEL**

Burt Pines, City Attorney, Claude E. Hilker and Jerome Montgomery, Assistant City Attorneys, and Gregory C. O'Brien, Jr., Deputy City Attorney, for Defendants and Appellants.

Daniel M. Luevano, Robert T. Olmos, Patricia Tenoso, John E. McDermott, Michele Washington, Richard Rothschild, Rosalyn M. Chapman, Diane Messer and Linda Ferguson for Plaintiffs and Respondents.

Antonio Rossmann, Carlyle W. Hall, Jr., Brent N. Rushforth and John R. Phillips as Amici Curiae on behalf of Plaintiffs and Respondents.

**OPINION**

**TOBRINER, J.**—This case, like *Woodland Hills Residents Assn., Inc.* v. *City Council, ante,* page 917 [154 Cal.Rptr. 503, 593 P.2d 200], presents a question as to the propriety of an attorney fee award in public interest litigation. In this case, as in *Woodland Hills,* at the time the trial court passed on plaintiffs' motion for attorney fees neither statutory nor judicial authority in California sanctioned an attorney fee award under the private attorney general theory, and the trial court consequently did not grant fees on that theory. Unlike *Woodland Hills,* however, the trial court in this case did award attorney fees against the city defendants on the basis of the substantial benefit theory. The city now appeals from the attorney fee award, contending that under this court's analysis of the substantial benefit doctrine in *Serrano* v. *Priest* (1977) 20 Cal.3d 25, 38-42 [141 Cal.Rptr. 315, 569 P.2d 1303] (*Serrano III*), the award of fees

pursuant to that doctrine was erroneous. In addition, the city maintains that, in any event, the $11,000 attorney fee award granted in this case was excessive.

For the reasons discussed below, we have concluded that the challenged portion of the judgment should be reversed and the case remanded to the trial court for reconsideration of plaintiffs' attorney fee motion. As we explain, although we believe that under the facts of this case the trial court may appropriately award attorney fees under the substantial benefit theory, in our view both the trial court's reasoning and the size of the present award demonstrate that the challenged award cannot be sustained solely on the basis of that theory; thus, a remand of the attorney fee ruling is necessary. We also hold that, upon remand, the trial court should reconsider the applicability of the private attorney general doctrine in light of the newly enacted provisions of Code of Civil Procedure section 1021.5.

1. *The facts*

Plaintiffs Susan Northington and Theresa Johnson instituted the underlying taxpayer suit against various employees and agencies of the City of Los Angeles, challenging the legality of the imminent construction of a helipad (i.e., a helicopter landing strip) on the roof of a proposed police station in South Central Los Angeles. The site of the proposed helipad was approximately 250 feet from a public elementary school, and plaintiffs contended that under Public Utilities Code section 21662.5[1] the city could not legally proceed with the construction without first obtaining the approval of the State Department of Transportation (previously the Department of Aeronautics). Plaintiffs sought both declaratory and injunctive relief to prohibit the city from constructing the police station as planned.

---

[1] Section 21662.5 provides in full: "Notwithstanding Section 21006 or Section 21661 or any other provision of law to the contrary, no heliport, helipad, or helistop may hereafter be constructed within 1,000 feet, measured by air line, of the boundary of any public or private school maintaining kindergarten classes or any classes in grades 1 through 12, without approval of the department.

"Before the department grants or denies approval of a heliport, helipad or helistop pursuant to this section, all schools within the specified area shall be notified of the application and shall have 15 days after the notice in which to demand a public hearing. The public hearing shall be held at a location in the immediate vicinity of the heliport, helipad, or helistop site. The department shall not grant approval pursuant to this section unless it has first found that helicopter operations at the proposed facility will neither be a hazard to the occupants of the school nor disruptive of instruction conducted at such school.

"This section shall not prevent the governing body of any city or county from enacting ordinances or regulations imposing restrictions equal to or greater than those imposed by this section."

At the time plaintiffs' complaint was filed, the city's plans for the proposed police station called for the construction of an unstriped, unequipped concrete pad on the roof of the station (capable in the future of being converted into a helipad) and for the inclusion of various structural elements (column footings, beams, joints and a stairway) which would only be necessary if a helipad was, in fact, ultimately located on the building. Shortly after the filing of the complaint, and apparently in part as a result of this lawsuit, the police department eliminated plans for the bare concrete pad on the roof of the structure, thereby reducing the cost of the proposed building by $7,615. The city refused, however, to eliminate the internal structural elements (estimated to cost $1,985) that would be needed if a helipad were to be constructed on the police station in the future.

Although the city conceded in its answer to the complaint that it had not obtained the approval of the Department of Transportation required by section 21662.5, and further conceded that such approval would have to be obtained before a helipad was actually constructed and put into operation on the building, the city maintained that under section 21662.5 no approval was required simply to construct a building that was structurally capable of supporting a helipad. Plaintiffs argued in response that before the city could legally spend public funds for improvements whose purpose was solely to support a helipad, the city was required to obtain the Department of Transportation's approval to assure that the extra expenditure of public funds would not be wasted.

Both parties moved for summary judgment, and the trial court ruled in favor of plaintiffs, concluding that under section 21662.5 the city was obligated to "obtain the approval of the California State Department of Transportation before constructing the South Los Angeles Division Police Station in a form containing structural reinforcements which are included for the purpose of providing sufficient added strength to the building to allow helicopters to land thereon." Finding that construction of the building in conformity with the current plans would "constitute a waste of taxpayers' money," the court enjoined the city from expending funds for the structural reinforcements which had been included in the building simply to accommodate the proposed helipad. The city has not appealed the trial court's injunctive order and consequently the substantive aspect of the trial court's ruling is not before us.

After the trial court had ruled in their favor, plaintiffs—represented by the Western Center on Law and Poverty and the National Conference of

Black Lawyers—sought an award of attorney fees against the city, grounding their claim on both the private attorney general theory and the substantial benefit theory. Shortly before the trial court hearing on the attorney fee motion, the United States Supreme Court rendered its decision in *Alyeska Pipeline Co.* v. *Wilderness Society* (1975) 421 U.S. 240 [44 L.Ed.2d 141, 95 S.Ct. 1612], rejecting the nonstatutory private attorney general theory as an appropriate basis for an attorney fee award under federal law. Thereafter, at the subsequent hearing plaintiffs—while not abandoning the private attorney general theory—maintained that *Alyeska* was not fatal to their claim and that they were entitled to recover attorney fees under the substantial benefit theory.

Although defense counsel vigorously opposed any attorney fee award, the trial court ultimately ruled in plaintiffs' favor, concluding that plaintiffs' counsel were entitled to a total of $11,000 in attorney fees under the substantial benefit theory. In awarding the fees on this basis, the trial court indicated that it was relying on the fact that the public had obtained two distinct "benefits" by virtue of the litigation, "one, not having buildings constructed in the future which might be used for helicopter operations without the approval of the Department of Transportation, and two, the prohibition of future illegal expenditures of public funds."

Thereafter, when the defense counsel complained that the fees sought by plaintiffs' counsel were out of proportion to the $9,600 of public funds saved by the litigation,[2] the court elaborated on the reasoning underlying its ruling. The court stated: "I think the dollar amount involved is not the true test here. . . . I do think the case had certain important benefits to the public, including establishment of a principle that any construction falling within the terms of the statute would be subject to review by the Department of Transportation whether or not immediate use as an airport or heliport was contemplated. And I do think it had a principle involved as to the use of public funds for these purposes that would have some significance in the future."

---

[2]The $9,600 includes both the savings with respect to the bare concrete pad ($7,615) and the savings relating to the internal structural reinforcements ($1,985). Although the city contends that the $7,615 should not be considered as part of the "savings" achieved by the lawsuit since the city "voluntarily" deleted such expenses shortly after the complaint had been filed, prior authorities make it clear that "voluntary" corrective action, induced by litigation, may properly be considered a "benefit" of the litigation in determining the propriety of an attorney fee award. (See, e.g., *Fletcher* v. *A. J. Industries, Inc.* (1968) 266 Cal.App.2d 313, 324-325 [72 Cal.Rptr. 146]; *Sierra Club* v. *Lynn* (W.D.Tex. 1973) 364 F.Supp. 834, revd. in part (5th Cir. 1974) 502 F.2d 43.)

The city now appeals from the $11,000 attorney fee award, contending that the facts of the instant case do not support such an award under the substantial benefit theory. In response, plaintiffs maintain that the award was appropriate under the substantial benefit theory and in addition suggest that, in the event that the court decides that the award cannot stand on such a theory, the case should be remanded to the trial court for reconsideration in light of the new private attorney general statute.

■   *2. The trial court erred in considering the general benefit flowing from "stare decisis" as a benefit justifying an attorney fee award under the substantial benefit doctrine.*

The city contends initially that the trial court's award of attorney fees under the substantial benefit doctrine is improper because the trial court's comments clearly indicate that the paramount "benefits" which activated the award were not benefits conferred on the general public by virtue of the court's action with respect to the South Los Angeles division police station but rather were the "stare decisis" benefits that the court believed would result from the application in future cases of the legal principle enunciated by the court in this matter.

We believe this contention is well taken. As the remarks quoted above reveal, in awarding fees to plaintiffs' counsel the court gave particular weight to the fact that the litigation had "establish[ed] . . . *a principle* that any construction falling within the terms of the statute would be subject to review by the Department of Transportation whether or not immediate use as an airport or heliport was contemplated." (Italics added.) As we explain in *Woodland Hills, ante,* however, the fact that litigation establishes a legal principle that may effect future litigation does not entitle an attorney who has obtained the initial victory to collect attorney fees under the substantial benefit doctrine from those who may, by virtue of stare decisis, obtain the "benefit" of his labors in such future cases. (See pp. 946-947, *ante.*) Because this improper factor appears to have played a dominant role in the trial court's substantial benefit award, we agree with the city's contention that the award should be reversed.

■   *3. On remand, the trial court may consider the propriety of an attorney fee award under the substantial benefit doctrine and section 1021.5 of the Code of Civil Procedure.*

Although we have concluded that the prior attorney fee award should be reversed, we reject the city's further contention that an attorney fee

award is unwarranted in this case under any circumstances. In the first place, the evidence introduced at trial indicates that, by virtue of plaintiffs' efforts, the people of the City of Los Angeles have been saved $9,600 of public funds that would otherwise have been illegally expended. Although such a savings could not justify an $11,000 attorney fee award under the substantial benefit theory, the trial court could properly conclude under unjust enrichment principles that a reasonable portion of such savings should be made available to at least partially compensate plaintiffs' attorneys. (Cf. *Mandel* v. *Hodges* (1976) 54 Cal.App.3d 596 [127 Cal.Rptr. 244].)

Moreover, as explained in *Woodland Hills,* in light of the enactment of Code of Civil Procedure section 1021.5 during the pendency of this appeal, we believe that, on remand, the trial court should additionally consider whether plaintiffs are entitled to attorney fees under the private attorney general theory, pursuant to the standards set out in that statute.

The judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion. Each party shall bear its own costs on appeal.

Bird, C. J., Mosk, J., and Newman, J., concurred.

Clark, J., concurred in the judgment of reversal.

Richardson, J., and Manuel, J., concurred in the result.