Terry TIPTON–WHITTINGHAM; Kathy Davilier; Jane Doe; Teresa Gonzalez; Myrna Lewis; Neadie Moore; Debbie Nichols; Joseph M. Peyton; Pam Roberts; Eleanor Santos; Kathy Simpson; Zina Tomlinson; Connie Castruita; Catherine Guel; Alicia James; Julie Sullivan; Kathy Age; Cathy Shuman; Cynthia Juarez, Plaintiffs–Appellants,

and

Lita Abella, Plaintiff,

v.

CITY OF LOS ANGELES, Defendant–Appellee,

and

Los Angeles Police Protective League, Defendant.

Terry Tipton–Whittingham; Kathy Davilier; Jane Doe; Teresa Gonzalez; Myrna Lewis; Neadie Moore; Debbie Nichols; Joseph M. Peyton; Pam Roberts; Eleanor Santos; Kathy Simpson; Zina Tomlinson; Connie Castruita; Catherine Guel; Alicia James; Julie Sullivan; Kathy Age; Cathy Shuman; Cynthia Juarez, Plaintiffs–Appellees,

and

Lita Abella, Plaintiff,

v.

City of Los Angeles, Defendant–Appellant,

and

Los Angeles Police Protective League, Defendant.

Nos. 01–56991, 01–57016.

United States Court of Appeals, Ninth Circuit.

Filed Jan. 21, 2003.

Bradley C. Gage, Goldberg & Gage, Woodland Hills, CA, for Plaintiff.

Angel Manzano, Jr., Esq., Gregory M. Bergman, Esq., Beth D. Corriea, Esq., Bergman & Dacey, Inc., Los Angeles, CA, for Defendant–Appellee.

Mark D. Rosenbaum, Esq., Barrett S. Litt, Esq., Litt & Marquez, Theodore Shaw, Constance L. Rice, Esq., English, Munger and Rice, Los Angeles, CA, Carol A. Sobel, Esq., Santa Monica, CA, Paul L. Hoffman, Esq., Schonbrun, DeSimone, Seplow, Harris and Hoffman, LLP, Venice, CA, for Plaintiff–Appellant.

Before PREGERSON, THOMPSON and WARDLAW, Circuit Judges.

## ORDER CERTIFYING QUESTION TO THE CALIFORNIA SUPREME COURT

We certify to the California Supreme Court the questions set forth in Part II of this order. All further proceedings in this case are stayed pending receipt of the answers to the certified questions, or the declination of certification. If the California Supreme Court declines certification, we will resolve the issues according to our perception of California law.

The answers to the certified questions depend upon California law, and those answers may be determinative of the outcome of the present appeal. We find no clear controlling precedent in the decisions of the California Supreme Court. The answers provided by the California Supreme Court to the certified questions will be followed by this court.

I. Caption of the Case

A. The caption of the case and the names and addresses of counsel are as follows:

TERRY TIPTON–WHITTINGHAM, et al., Plaintiffs–Appellants

v.

CITY OF LOS ANGELES, Defendant–Appellee [1]

---

1. This case presents an appeal and a cross-appeal, however the certified question is only pertinent to the cross-appeal brought by the City of Los Angeles.

B. The names and addresses of counsel are:

Carol A. Sobel, 429 Santa Monica Boulevard, Suite 550, Santa Monica, California 90401, attorney for Tipton–Whittingham, et al.

Gregory M. Bergman, Mark W. Waterman, Beth D. Corriea, Bergman & Dacey, Inc., 10880 Wilshire Boulevard, Suite 900, Los Angeles, California 90024; Rockard Delgadillo, City Attorney, Angel Manzano, Jr., Deputy City Attorney, attorneys for the City of Los Angeles.

C. If this request for certification is granted, the City of Los Angeles should be deemed the petitioner on the certified questions.

II.  Questions of Law to be Answered

We respectfully request that the Supreme Court of California answer the certified questions presented below. These questions are contested by the parties. Our phrasing of the questions should not restrict the Court's consideration of the issues involved. The questions are:

A.  Under California law, may attorneys' fees as provided for in California Code of Civil Procedure § 1021.5 [2] and the California Fair Employment and Housing Act ("FEHA") § 12965(b) [3] be awarded where the plaintiff has been the "catalyst" in bringing about the relief sought by the litigation?

B.  If the catalyst theory is viable under California law, will that theory support an award of attorneys' fees where the plaintiff "activates" the defendant to modify his behavior? *See Maria P. v. Riles*, 43 Cal.3d 1281, 1291–92, 240 Cal.Rptr. 872, 743 P.2d 932 (1987) (citations omitted). Or, does California law require a *judicially recognized* change in the legal relationship between the parties, such as a judgment on the merits, a consent decree, or a judicially-ordered settlement?

III.  Statement of Facts

The City of Los Angeles ("the City"), appeals from the district court's order of September 21, 2001, awarding interim catalyst attorneys' fees and costs, under California law, to the plaintiffs, Terry Tipton–Whittingham, et al. ("the plaintiffs"). The case filed in the district court is a class action on behalf of women officers and women civil employees of the Los Angeles Police Department ("LAPD") who allege they have been subjected to discrimination on the basis of sex and/or race. The plaintiffs sought injunctive relief and damages pursuant to federal and state constitutional claims, federal and state statutory claims, and state tort claims.

After the case was filed, the parties entered into settlement discussions leading to a consent decree that was later revoked by United States District Judge Keller. Thereafter, the plaintiffs began new settlement discussions with the newly appointed

---

**2.** Section 1021.5, the private attorney general doctrine, provides in relevant part:

Upon motion, a court may award attorneys' fees to a *successful party* against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons...."

Cal.Code of Civ. P. § 1021.5 (emphasis added).

**3.** Section 12965(b) of the FEHA provides in relevant part: "In actions brought under this section, the court, in its discretion, may award to the *prevailing party* reasonable attorney's fees and costs...." Cal. Gov.Code § 12965(b) (emphasis added).

Los Angeles Police Chief, Bernard C. Parks. Those talks did not result in any contractual or court-ordered agreement. Instead, the LAPD voluntarily instituted several changes directed toward anti-discrimination. Noting that the changes were very similar to the original consent decree, the plaintiffs represented to the district court that their injunctive relief claims were moot as they had been "resolved informally through negotiations that have not resulted in a formal agreement between the parties, but have resulted in comprehensive change sufficient to moot plaintiffs' claims." ER 26 [4] On a joint motion of the parties, the district court dismissed the plaintiffs' claims for injunctive relief. Approximately one year later, the plaintiffs moved for catalyst attorneys' fees and costs under California Code of Civil Procedure § 1021.5 and the California FEHA. They asserted they had prevailed on their state and federal injunctive relief claims as evidenced by the City's policy changes, and they contended their efforts had brought about those changes. United States District Judge Terry J. Hatter, Jr.[5] granted the motion, awarding the plaintiffs costs and more than $1,703,383. in attorneys' fees. The City did not appeal from that order and in fact paid the award in the fall of 2000.

On July 20, 2001, the City moved for reconsideration of the district court's order in light of the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which rejected the catalyst theory as a legal basis for the recovery of prevailing-party attorneys' fees under the ADA and the FHAA. The City argued that the plaintiffs were not "prevailing parties" under federal law because *Buckhannon* requires an "alteration of the legal relationship," which was not achieved by the plaintiffs in the instant case. *See Buckhannon,* 532 U.S. at 604, 121 S.Ct. 1835 (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). The City also argued that catalyst attorneys' fees are foreclosed under California law because, despite use of the term "catalyst fees" with apparent approval, analyses of relevant California Supreme Court cases demonstrated that underlying each fee award was a judicially sanctioned change in the legal relationship between the parties. *See, e.g., Maria P.,* 43 Cal.3d at 1293, 240 Cal.Rptr. 872, 743 P.2d 932 (1987) (awarding catalyst fees where the court issued a preliminary injunction against the defendants). In opposition, the plaintiffs argued that California precedent prior to *Buckhannon* specifically endorsed the catalyst theory, that such precedent is still controlling, and that the determinative factor in attorney's fees questions is the impact of the litigation at hand. *See, e.g., Westside Cmty. for Indep. Living v. Obledo,* 33 Cal.3d 348, 352, 188 Cal.Rptr. 873, 657 P.2d 365 (1983); *Folsom v. Butte County Ass'n of Gov'ts,* 32 Cal.3d 668, 685, 186 Cal.Rptr. 589, 652 P.2d 437 (1982).

Without discussion, the district court granted the City's motion for reconsideration, denied the plaintiffs catalyst fees and costs under federal law, but upheld the entire award under California law.

## IV. The Need for Certification

We respectfully request that the California Supreme Court provide authoritative

---

4. "ER" refers to the excerpts of record on appeal to the Ninth Circuit Court of Appeals in this appeal, Case No. 01–56991.

5. The case was transferred to Judge Hatter following Judge Keller's retirement from active status.

answers to the certified questions for the following reasons:

The issue before this court is whether California will follow the United States Supreme Court's rejection of the catalyst theory in *Buckhannon*. In *Buckhannon*, the United States Supreme Court held that the term "prevailing party" under the Federal Fair Housing Amendments Act ("FHAA") and the Federal Americans with Disabilities Act ("ADA") required a "court ordered" change in the legal relationship between the parties. *See Buckhannon*, 532 U.S. at 604, 121 S.Ct. 1835 (citing *Texas State Teachers Ass'n*, 489 U.S. at 792, 109 S.Ct. 1486(1989)). The Court noted that a judgment on the merits or a court-ordered consent decree would provide the "judicial imprimatur" necessary to justify the award of attorneys' fees. *See id.* at 604–05, 121 S.Ct. 1835.

■ Our court has taken these examples of the required "judicial imprimatur" as illustrative, not exhaustive. We have concluded that under federal law, both a preliminary injunction and an enforceable settlement agreement carry the "judicial imprimatur" necessary to satisfy *Buckhannon*. *See Watson v. County of Riverside*, 300 F.3d 1092, 1096 (9th Cir.2002) (obtaining a preliminary injunction suffices to be deemed a prevailing party under 42 U.S.C. § 1988); *Barrios v. California Interscholastic Fed'n*, 277 F.3d 1128, 1134 n. 5 (9th Cir.2002) (plaintiff entitled to prevailing-party attorneys' fees under the ADA where plaintiffs entered into a legally enforceable settlement agreement), *cert. denied*, —— U.S. ——, 123 S.Ct. 98, 154 L.Ed.2d 28 (2002). The *Barrios* panel further added that the catalyst theory, while foreclosed under the ADA, is still applicable under California law. *See Barrios*, 277 F.3d at 1136–37 (citing *Donald v. Cafe Royale, Inc.*, 218 Cal.App.3d 168, 266 Cal. Rptr. 804 (1990)). The California Court of Appeal, in dicta, has also endorsed the continued application of the catalyst theory for the recovery of attorneys' fees under the California private attorney general statute. *See Jordan v. California Dep't of Motor Vehicles*, 100 Cal.App.4th 431, 448, 123 Cal.Rptr.2d 122 (2002) ("[I]n determining attorney fees under ... § 1021.5, it is appropriate to consider whether plaintiffs' lawsuit 'induced' the legislative response, or was a 'material factor' or 'contributed in a significant way' to the [desired change].") (citations omitted). Since *Buckhannon*, however, no California court has squarely addressed the issue of catalyst fees.

California cases preceding *Buckhannon*, while containing dicta that endorses the catalyst theory for the award of prevailing-party attorneys' fees, have involved circumstances where there has been a judicially enforceable change in the legal relationship between the parties. *See Maria P. v. Riles*, 43 Cal.3d 1281, 1290–91, 240 Cal.Rptr. 872, 743 P.2d 932 (1987) (determining plaintiffs qualified as prevailing parties under § 1021.5 on the basis of their preliminary injunction against defendants); *In re Head*, 42 Cal.3d 223, 225, 228 Cal. Rptr. 184, 721 P.2d 65 (1986) (awarding attorneys' fees after petitioners prevailed on their habeas corpus claims); *Folsom v. Butte County Ass'n of Gov'ts*, 32 Cal.3d 668, 675–76, 186 Cal.Rptr. 589, 652 P.2d 437 (1982) (awarding attorneys' fees where the court entered partial summary judgment and an injunction against one defendant); *Northington v. Davis*, 23 Cal.3d 955, 960, 154 Cal.Rptr. 524, 593 P.2d 221 (1979) (upholding plaintiffs' fee award where the trial court granted summary judgment against the defendants).

■ California's view of prevailing-party attorneys' fees in the wake of *Buckhannon* may also be affected by what appears to be a tradition of California courts to construe the attorneys' fees provision of California Code of Civil Procedure § 1021.5–

880 in accord with analogous federal statutory provisions. In *Maria P.*, after approving catalyst fees under section 1021.5, the California Supreme Court noted that "both[that court] and the [California] Legislature ha[d] relied on federal cases in framing the private attorney general theory" and therefore "regard[ed] the federal precedent in this area as persuasive." *Maria P.*, 43 Cal.3d at 1290, 240 Cal.Rptr. 872, 743 P.2d 932. The court also cited the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), as setting forth the "appropriate standard" in determining the scope of the term "prevailing party" for the purpose of awarding fees. *Id.* at 1292. Also, in *Westside Community for Independent Living Inc. v. Obledo*, 33 Cal.3d 348, 352, 188 Cal.Rptr. 873, 657 P.2d 365 (1983), the court looked to "[n]umerous federal decisions" for a determination of what sort of corrective action is necessary to justify the attorneys' fee award. *Id.*

With regard to the California FEHA, California courts have relied on federal decisions that interpret analogous provisions in federal statutes for guidance in construing the language of the FEHA. *See Hon v. Marshall*, 53 Cal.App.4th 470, 475, 62 Cal.Rptr.2d 11 (1997) (analyzing parallel wording in the ADA, Title VII, and ADEA to determine the definition of prevailing party); *Bond v. Pulsar Video Prods.*, 50 Cal.App.4th 918, 921, 57 Cal.Rptr.2d 917 (1996) (reviewing federal cases to .determine when a prevailing plaintiff may receive attorneys' fees due to the "symmetry" between California and federal anti-discrimination statutes); *see also Linsley v. Twentieth Century Fox Film Corp.*, 75 Cal.App.4th 762, 771, 89 Cal.Rptr.2d 429 (1999) (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) in determining whether the trial court was within its dis-

cretion to award attorneys' fees under the FEHA).

In sum, in light of *Buckhannon* and California case law, we are uncertain whether California will continue to endorse the catalyst theory, or will require some "judicial imprimatur" for the recovery of prevailing-party attorneys' fees under California Code of Civil Procedure § 1021.5 and the California FEHA. Accordingly, we respectfully request the California Supreme Court to answer the certified questions.

### V. Accompanying Materials

The clerk of this court is hereby directed to transmit forthwith to the California Supreme Court, under official seal of the Ninth Circuit Court of Appeals, a copy of this order and request for certification and legible copies of all relevant briefs and excerpts of record pursuant to California Rule of Court 29.5(c).

IT IS SO ORDERED.