Opinion
 

 BRANDLIN, J.
 
 *
 

 Plaintiff Juanita Hon appeals from that portion of the judgment awarding attorney fees in the amount of $12,000 to defendants John Marshall, M.D., and Michael Barry as the prevailing parties under Government Code section 12965 (section 12965). She contends the trial court erred in making the award. We agree and remand for further proceedings.
 

 Facts
 

 The underlying facts are uncontroverted. On May 28,1993, appellant filed suit against her employer, Lifeblood Trust, which had terminated her employment on February 2, 1993, and respondents, who, according to appellant’s complaint, were employed as administrators by Lifeblood Trust and also served as its chief executive officers. Appellant’s complaint set forth causes of action for breach of implied contract, breach of the covenant of good faith and fair dealing, violation of Government Code section 12940 (the Fair Employment and Housing Act (FEHA)), wrongful interference with
 
 *473
 
 employment contract, intentional infliction of emotional distress and negligent infliction of emotional distress. Respondents were named in all causes of action except the first.
 

 The complaint contained the usual allegations of agency and ratification of wrongdoing on the part of all the defendants and further charged that they had “deliberately and purposefully created a hostile and harassing environment for [appellant] to work in and continued to harass [her] with abusive, intimidating and humiliating remarks and conduct, resulting in [her] termination.”
 

 More specifically, appellant alleged that respondent Barry, for whom she acted as administrative manager, had ordered her to sign a document fraudulently acknowledging to the Mercedes-Benz Credit Corporation that his wife was an employee of Lifeblood Trust so she could qualify for an automobile loan. When appellant refused, respondent Barry faxed the fraudulent employment verification form to Mercedes-Benz Credit Corporation on appellant’s behalf. Appellant immediately notified Mercedes-Benz Credit Corporation she had not prepared the document. Her employment was terminated four days later.
 

 In addition to the foregoing, appellant claimed respondent Barry had been “persistently verbally abusive to [her] by making repeated sexually suggestive derogatory comments to [her], and in [her] presence” and that he had “repeatedly harassed [her] and acted cruelly and with disregard to [her] religious beliefs by making repeated derogatory comments regarding [her] Buddhist faith.” She likewise asserted she had “filed a complaint with the [federal] Equal Employment Opportunity Commission [EEOC] on February 22, 1993, alleging that the acts described in this [c]omplaint established a violation of her rights” and that she had “exhausted her administrative remedy with the [EEOC].” No mention was made of the California Department of Fair Employment and Housing (DFEH).
 

 On June 9, 1994, respondents moved for summary judgment or, alternatively, for summary adjudication of issues. Insofar as is relevant here, they urged that appellant’s own deposition testimony of February 22, 1994, as well as the records of the DFEH and EEOC, established that appellant had never filed an administrative charge of discrimination or harassment, based upon gender or religion, with either agency or received a right to sue letter, thereby barring as a matter of law her third cause of action under the FEHA.
 

 The evidence offered by respondents in support of their position disclosed appellant had indeed conceded in her deposition that she had never filed a
 
 *474
 
 discrimination or harassment complaint with the DFEH or the EEOC during the period of her employment, though she maintained she had attempted to do so subsequently, and “they wouldn’t accept it.” She explained that she had reported being terminated after refusing to be associated with “perceived fraudulent activity” and was told the DFEH and EEOC do not handle such matters. They advised her she “would have to get an attorney.” For reasons appellant did not make clear, she had said nothing about her belief that she had been subjected to discrimination or harassment based upon her gender or religion.
 
 [1]
 

 The trial court granted respondents’ motion for summary judgment on all causes of action directed against them. It concluded appellant’s FEHA cause of action was barred by her failure to exhaust her administrative remedies.
 
 [2]
 
 Respondents thereafter moved for an award of attorney fees pursuant to section 12965, arguing that appellant’s “claims of discrimination and harassment were vexatious and frivolous” because she had never complained to the DFEH or the EEOC and admitted respondents had never made explicit sexual remarks to her.
 
 [3]
 
 They received $12,000 for their defense of appellant’s FEHA cause of action. When appellant subsequently sought reconsideration of the award, she was assessed sanctions in the amount of $1,200. This appeal ensued and, as previously indicated, is limited solely to the
 
 *475
 
 propriety of the $12,000 attorney fee award. Appellant has not challenged the trial court’s summary judgment ruling or its imposition of sanctions.
 

 Discussion
 

 It is, of course, well settled “that in the context of the FEHA, exhaustion of the administrative remedy is a jurisdictional prerequisite to resort to the courts . . . .”
 
 (Okoli
 
 v.
 
 Lockheed Technical Operations Co.
 
 (1995) 36 Cal.App.4th 1607, 1613 [43 Cal.Rptr.2d 57];
 
 Martin
 
 v.
 
 Lockheed Missiles & Space Co.
 
 (1994) 29 Cal.App.4th 1718, 1724 [35 Cal.Rptr.2d 181];
 
 Miller
 
 v.
 
 United Airlines, Inc.
 
 (1985) 174 Cal.App.3d 878, 890 [220 Cal.Rptr. 684].) This case, however, raises a narrow question which is apparently one of first impression in this state, whether a defendant who is granted summary judgment because of such a jurisdictional defect qualifies as a “prevailing party” entitled to an attorney fee award under section 12965. Subdivision (b) of that provision of the FEHA reads in pertinent part: “In actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney fees and costs except where such action is filed by a public agency or a public official, acting in an official capacity.”
 

 Because the antidiscrimination objectives and relevant wording of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.; hereafter Title VII), the Age Discrimination in Employment Act (29 U.S.C. § 621 et seq.) and the Americans with Disabilities Act (42 U.S.C. § 12111 et seq.) are similar to those of the FEHA, California courts often rely on federal decisions interpreting those statutes for assistance in construing analogous provisions of the FEHA. (See, e.g.,
 
 Bond
 
 v.
 
 Pulsar Video Productions
 
 (1996) 50 Cal.App.4th 918, 921-922 [57 Cal.Rptr.2d 917];
 
 Janken
 
 v.
 
 GM Hughes Electronics
 
 (1996) 46 Cal.App.4th 55, 66 [53 Cal.Rptr.2d 741];
 
 Cummings
 
 v.
 
 Benco Building Services
 
 (1992) 11 Cal.App.4th 1383, 1386 [15 Cal.Rptr.2d 53]; 8 Witkin, Summary of Cal. Law (9th ed. 1988) Constitutional Law, §759, p. 256.)
 

 By way of example, Division Seven of this court recently looked to the standard for awarding attorney fees to prevailing defendants in Title VII actions to aid it in deciding whether an award of attorney fees and costs to the defendant in an age discrimination case under the FEHA constituted an abuse of discretion.
 
 (Cummings
 
 v.
 
 Benco Building Services, supra,
 
 11 Cal.App.4th at pp. 1386-1390 [defendant who succeeds on summary judgment motion cannot be presumed to be prevailing party under § 12965]; see also
 
 Bond
 
 v.
 
 Pulsar Video Productions, supra,
 
 50 Cal.App.4th 918 [defendant’s award of attorney fees under section 12965 following favorable jury
 
 *476
 
 verdict on plaintiff’s discrimination claim affirmed].) The standard applicable in a Title VII setting was articulated by the United States Supreme Court in
 
 Christiansburg Garment Co.
 
 v.
 
 EEOC
 
 (1978) 434 U.S. 412 [98 S.Ct. 694, 54 L.Ed.2d 648]. The court there observed that in contrast to a prevailing plaintiff, who “ordinarily is to be awarded attorney’s fees in all but special circumstances”
 
 (id.
 
 at p. 417 [98 S.Ct. at p. 698]), a successful defendant should be permitted such an award only “upon a finding that the plaintiff’s action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.”
 
 (Id.
 
 at p. 421 [98 S.Ct. at p. 700].) The court emphasized that “assessing attorney’s fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.”
 
 (Id.
 
 at p. 422 [98 S.Ct. at p. 701].)
 

 There is a disinclination on the part of the lower federal courts to award a defendant attorney fees where the plaintiff’s action has been dismissed for failing to comply with the jurisdictional prerequisites of a Title VII action, though the cases have generally included little or no discussion of the rationale for the courts’ decisions. (See, e.g.,
 
 Nilsen
 
 v.
 
 City of Moss Point, Mississippi
 
 (5th Cir. 1980) 621 F.2d 117;
 
 Moses
 
 v.
 
 Phelps Dodge Corp.
 
 (D.Ariz. 1993) 826 F.Supp. 1234;
 
 Ruffin
 
 v.
 
 ITT Continental Baking Co.
 
 (N.D.Miss. 1986) 636 F.Supp. 857;
 
 Reaves
 
 v.
 
 Westinghouse Elec. Corp.
 
 (E.D.Wis. 1977) 430 F.Supp. 623.) By way of illustration, the federal district court in
 
 Ruffin
 
 v.
 
 ITT Continental Baking Co., supra,
 
 636 F.Supp. 857 stated only, “Because the dismissal of plaintiff’s Title VII claim is a consequence of the 90-day limitations bar and not a consequence of a finding that plaintiff failed to state a claim upon which relief could be granted or that the plaintiff failed to raise an arguable issue, the court finds that an award of costs is inappropriate in this case. [Citations.]”
 
 (Id.
 
 at p. 859.)
 

 Also of use in interpreting the scope of the “prevailing party” language in section 12965 are cases brought under the Civil Rights Attorney’s Fees Awards Act of 1976 (42 U.S.C. § 1988; hereafter section 1988). The provision for counsel fees in section 1988 was patterned after and intended to be defined and applied in the same manner as the Title VII provision.
 
 (Hensley
 
 v.
 
 Eckerhart
 
 (1983) 461 U.S. 424, 433, fn. 7 [103 S.Ct. 1933, 1939, 76 L.Ed.2d 40]; 2 Perritt, Civil Rights in the Workplace (1995) § 8.8, pp. 144-145.) It is thus subject to the stringent standard established in
 
 Christiansburg Garment Co.
 
 v.
 
 EEOC, supra,
 
 434 U.S. 412.
 
 (Hughes
 
 v.
 
 Rowe
 
 (1980) 449 U.S. 5, 14 [101 S.Ct. 173, 178, 66 L.Ed.2d 163]; Annot., Civil Rights Attorney’s Fees (1979) 43 A.L.R.Fed. 243, 256, § 5[a], and cases cited.)
 

 Several lower federal courts grappling with the right of a defendant to receive an attorney fee award have held a defendant cannot be a prevailing
 
 *477
 
 party under section 1988 when the plaintiff’s claims are dismissed for lack of jurisdiction without any consideration of their merits. (See, e.g.,
 
 Branson
 
 v.
 
 Nott
 
 (9th Cir. 1995) 62 F.3d 287;
 
 Hidahl
 
 v.
 
 Gilpin County Dept, of Social Services
 
 (D.Colo. 1988) 699 F.Supp. 846;
 
 Sellers
 
 v.
 
 Local 1598, Dist. Council 88
 
 (E.D.Pa. 1985) 614 F.Supp. 141; Annot., Attorney’s Fees— Defendants (1991) 104 A.L.R.Fed. 14, 35, § 3, and later cases (1996 pocket supp.) p. 3; but see
 
 Elks Nat. Foundation
 
 v.
 
 Weber
 
 (9th Cir. 1991) 942 F.2d 1480 [affirming dismissal of 42 U.S.C. § 1983 action for lack of subject matter jurisdiction while also affirming district court’s award of attorney fees under § 1988].) As the court explained in
 
 Sellers
 
 v.
 
 Local 1598, Dist. Council 88, supra,
 
 614 F.Supp. 141, “[W]hen a complaint is dismissed for lack of jurisdiction, the defendant cannot be a ‘prevailing party’. Defendant has not ‘prevailed’ over the plaintiff on any issue central to the merits of the litigation. It is impermissible for the court to engage in post hoc analysis of the facts. [Citation.] This is what would occur were we to now begin to sift and weigh the ‘facts’ surrounding these . . . claims. They were not before the court and it would be an abuse of discretion to place them before it now.”
 
 (Id.
 
 at p. 144.)
 

 We are reluctant for two reasons to ignore a body of federal law which has litigated the question before this court under analogous attorney fee formulations and concluded that an award should not be made to defendants who “prevail” as a consequence of a jurisdictional defect. First of all, we find the reasoning in cases such as
 
 Branson
 
 v.
 
 Nott, supra,
 
 62 F.3d 287,
 
 Hidahl
 
 v.
 
 Gilpin County Dept, of Social Services, supra,
 
 699 F.Supp. 846 and
 
 Sellers
 
 v.
 
 Local 1598, Dist. Council 88, supra,
 
 614 F.Supp. 141 to be a sound interpretation of United States Supreme Court precedent construing statutory language comparable to section 12965. And, as we have previously noted, the standard enunciated in
 
 Christiansburg Garment Co.
 
 v.
 
 EEOC, supra,
 
 434 U.S. 412 has been followed in California cases alleging a violation of the FEHA.
 
 (Bond
 
 v.
 
 Pulsar Video Productions, supra,
 
 50 Cal.App.4th at pp. 921-922;
 
 Cummings
 
 v.
 
 Benco Building Services, supra,
 
 11 Cal.App.4th at pp. 1387-1388.)
 

 Moreover, interpreting section 12965 to permit an award of attorney fees in situations of the type presently before us would provide an incentive for plaintiffs to file suit in federal courts under the federal civil rights statute with its firmly entrenched policy disfavoring attorney fee awards to prevailing defendants. “This would effectively defeat the policy of keeping the California law as an effective remedy against [employment] discrimination and would undermine Congress’s intent ‘to encourage full use of state remedies.’ [Citations.]”
 
 (Stephens
 
 v.
 
 Coldwell Banker Commercial Group, Inc.
 
 (1988) 199 Cal.App.3d 1394, 1405 [245 Cal.Rptr. 606]; see also
 
 Cummings
 
 v.
 
 Benco Building Services, supra,
 
 11 Cal.App.4th at p. 1388.)
 

 
 *478
 
 The state and federal discrimination cases relied upon by respondents do not persuade us otherwise because in each of them, the plaintiffs were, in some fashion, provided with an opportunity to have the merits of their claims considered by the court.
 
 (Gonzales
 
 v.
 
 MetPath, Inc.
 
 (1989) 214 Cal.App.3d 422 [262 Cal.Rptr. 654] [plaintiff failed to establish prima facie case of wrongful discrimination];
 
 Hutchinson
 
 v.
 
 Staton
 
 (4th Cir. 1993) 994 F.2d 1076 [directed verdicts entered after plaintiffs’ civil rights claim was found to be groundless and motivated by revenge];
 
 Lane
 
 v.
 
 Sotheby Parke Bernet, Inc.
 
 (2d Cir. 1985) 758 F.2d 71 [summary judgment granted after plaintiff failed to make prima facie showing of discrimination];
 
 Gilyard
 
 v.
 
 South Carolina Dept, of Youth Services
 
 (D.S.C. 1985) 667 F.Supp. 266 [plaintiff presented no factual matters which would justify denial of summary judgment];
 
 Soto
 
 v.
 
 Romero Barceló
 
 (D.P.R. 1983) 559 F.Supp. 739 [summary judgment granted when plaintiffs produced no material facts to support claims];
 
 Spence
 
 v.
 
 Eastern Airlines, Inc.
 
 (S.D.N.Y. 1982) 547 F.Supp. 204 [plaintiff’s action dismissed at close of case which was devoid of any evidentiary support].) In contrast, the record in the present matter discloses that the trial court granted summary judgment on appellant’s third cause of action for violation of the FEHA solely because she neglected to exhaust her administrative remedies, a determination which required no consideration of the merits of appellant’s discrimination and harassment claims. Respondents’ suggestion that appellant’s claims should nonetheless be deemed meritless because she failed to challenge the summary judgment ruling on appeal is unavailing. There are various reasons unrelated to the meritoriousness of one’s claim for electing to forego appellate review of a particular trial court ruling.
 

 Our holding that a trial court may not award a defendant attorney fees under section 12965 where, as here, summary judgment is granted for failure to exhaust administrative remedies, does not mean a plaintiff may prosecute FEHA actions with impunity. If the circumstances surrounding a plaintiff’s failure to exhaust his or her administrative remedies are such as to render the decision to file or maintain a FEHA action frivolous, vexatious, or otherwise an act of bad faith, the trial court may, upon proper notice and hearing, impose sanctions, including reasonable attorney fees, against the plaintiff and/or the plaintiff’s attorney pursuant to Code of Civil Procedure sections 128.5 (operative as to complaints filed on or before December 31, 1994), 128.7 (operative as to complaints filed January 1, 1995, through December 31, 1998) or 128.6 (operative as to complaints filed on or after January 1, 1999, unless a statute that becomes effective on or before that date extends or deletes the repeal date of section 128.7).
 

 While respondents did not seek to recoup their attorney fees through an award of sanctions under Code of Civil Procedure section 128.5 here, the
 
 *479
 
 trial court could have entertained the matter on its own motion and might well have done so, had it known attorney fees may not be awarded under section 12965 where summary judgment has been granted on the basis of a jurisdictional defect. In light of the unsettled state of the law at the time of the court’s ruling, we have concluded the cause should be remanded to afford the trial court an opportunity to conduct further proceedings on the issue of sanctions, should it deem that appropriate. In the event sanctions are ultimately imposed, the trial court must decide who should bear them, appellant, her counsel or both. In addition, to the degree any sanctions awarded encompass attorney fees incurred by respondents, those fees must be limited to their defense of appellant’s cause of action under the FEHA.
 
 [4]
 

 Disposition
 

 That portion of the judgment awarding respondents attorney fees is reversed and the matter is remanded for further proceedings consistent with the views expressed herein. In all other respects, the judgment is affirmed. Appellant is entitled to her costs on appeal. Respondents’ request for attorney fees on appeal is denied.
 

 Boren, P. J., and Nott, J., concurred.
 

 *
 

 Judge of the Municipal Court for the South Bay Judicial District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
 

 [1]
 

 Specific acts forming the basis of appellant’s charge of a hostile work environment were identified in portions of her deposition introduced into evidence below, for the most part in conjunction with supplemental proceedings on a non-FEHA aspect of respondents’ summary judgment motion. First, she recited comments by respondent Barry involving sexual innuendo, which persisted even after she objected to them. Barry told her on numerous occasions that she “needed to be ‘rode hard and put away wet’ ” and also said she “should be .‘taken out behind the bam.’ ” Another phrase used by Barry was “ ‘screw the pooch.’ ”
 

 Second, appellant noted that Barry had belittled her ideas several times and said she could not be trusted because she was a Buddhist. She had on multiple occasions overheard him tell a Jewish employee when “she needed to get a price on lab work or some outside service, . . . ‘Screw ’em down. ... I mean, isn’t that what you guys do?’ ”
 

 Finally, with respect to respondent Marshall, appellant reported that he had caused her distress by describing several “of his OB/GYN patients with graphic detail as if women in labor and pregnant who are fat or black was [sic] funny.” Once he recounted “the flirtations that he and the other doctors were having about having sex” with a large, African-American emergency room patient and “said that what she would say back to him was, like, like a southern or a black accent, that it was like floatin’ on a cloud.”
 

 [2]
 

 Lifeblood Trust’s motion for summary judgment or summary adjudication of issues, which was concurrently considered by the trial court, met with partial success. The court granted summaiy adjudication as to the third, fifth and sixth causes of action, but determined triable issues of material fact existed as to the first and second causes of action. Lifeblood Trust was not named in the fourth cause of action. The pragmatic significance of the court’s ruling is uncertain since the corporation apparently ceased doing business on May 13, 1994, and filed a bankruptcy petition a short time later.
 

 [3]
 

 Of course, the latter admission does not detract from the fact that respondent Barry purportedly made numerous comments involving sexual innuendo to appellant or that respondent Marshall repeatedly discussed matters of a sexual nature in her presence.
 

 [4]
 

 We do not intend by anything said in this decision to suggest whether sanctions would or would not be appropriate in this case. However, for the trial court’s guidance should it contemplate assessing sanctions, we note that the propriety of imposing such an award should not be laid to rest with a determination of whether it was reasonable for appellant, as a layperson, to believe her contacts with the DFEH and the EEOC constituted an exhaustion of her administrative remedies. Even assuming that question were resolved favorably to appellant, it appears that when she retained counsel and initiated the instant litigation, she still had time to file the required administrative complaint with the DFEH. (Gov. Code, § 12960 [administrative complaint must be filed within one year of date alleged unlawful practice occurred];) She seemingly did not do so and our current record provides no enlightenment on the reason for this inaction.
 

 Neither is there any indication why appellant’s counsel prepared and signed a complaint alleging that appellant had filed a complaint and exhausted her administrative remedy with the EEOC, when appellant’s deposition testimony demonstrated something to the contrary. More importantly, if appellant had exhausted her administrative remedy with the EEOC, it would not have excused her failure to obtain a notice of right to sue from the DFEH, which is a prerequisite to filing suit for violation of the California statute. (See
 
 Martin
 
 v.
 
 Lockheed Missiles & Space Co., supra,
 
 29 Cal.App.4th at pp. 1724-1730;
 
 Miller
 
 v.
 
 United Airlines, Inc., supra,
 
 174 Cal.App.3d at p. 890.)