[No. B121382. Second Dist., Div. Five. Oct. 7, 1999.]

SCOTT LINSLEY, Plaintiff and Appellant, v.
TWENTIETH CENTURY FOX FILM CORPORATION, Defendants and
Respondents.

**COUNSEL**

Nikki Tolt for Plaintiff and Appellant.

Gary D. Roberts; Ann K. Calfas; and Theodore A. Russell for Defendants and Respondents.

## OPINION

### TURNER, P. J.—

#### I. INTRODUCTION

Plaintiff, Scott Linsley, appeals from a judgment awarding attorney fees pursuant to Government Code[1] section 12965, subdivision (b) to defendants, Twentieth Century Fox Film Corporation (Fox), John Suciu, and Gloria Dickey, as the prevailing parties on a claim for unlawful discrimination in violation of the Fair Employment and Housing Act (FEHA). (§ 12900 et seq.) Plaintiff, who signed a release of all claims in exchange for the payment of money prior to the filing of the present lawsuit, contends the trial court erred because there has never been a determination that his discrimination cause of action was unreasonable, frivolous, or meritless. We disagree and affirm the judgment.

#### II. BACKGROUND

Plaintiff filed this action on May 30, 1996, and alleged that he was employed by Fox as a technical support manager on May 12, 1986. Plaintiff worked under the management of Mr. Suciu, an executive management employee. Ms. Dickey held the title of vice-president, corporate personnel. The complaint alleged that when Mr. Suciu began working for Fox in 1994, he instituted a program whereby older, senior, and higher paid workers were terminated in favor of younger, less remunerated employees. Plaintiff was terminated on May 31, 1995. At the time, he was 55 years old, had a heart condition, and was one of the higher paid management employees. The complaint alleged causes of action for: breach of an implied-in-fact contract (first); breach of the implied covenant of good faith and fair dealing (second); wrongful termination in violation of the FEHA and public policy (third); and misrepresentation and deceit (fourth). In the third cause of action, plaintiff alleged he was terminated in part because of his age and medical disability in violation of the FEHA. The trial court subsequently sustained a demurrer to the second cause of action without leave to amend.

As to the remaining causes of action, defendants filed a summary judgment motion on August 20, 1996, based in part on a settlement agreement

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

and general release plaintiff had executed for which he received, among other things, $17,000. The trial court denied the motion finding plaintiff had presented a triable issue of material fact as to whether he was coerced into signing the settlement agreement and general release. The trial court later, however, granted defendants' reconsideration motion as to Ms. Dickey. The trial court then entered judgment on behalf of Ms. Dickey.

On February 28, 1997, defendants filed a petition for peremptory writ of mandate in this division seeking an order directing the trial court to grant the summary judgment motion. We issued an alternative writ of mandate and set the cause for oral argument. On June 3, 1998, the petition was granted in part and dismissed in part. The dismissal was as to Ms. Dickey because the petition in which she was a named petitioner had become moot due to the trial court's favorable ruling on her reconsideration motion. In an unpublished opinion, we determined as a matter of law that plaintiff executed a valid release for which he received $17,000 and other valuable consideration. (*Twentieth Century Fox Film Corporation* v. *Superior Court* (June 3, 1997) B109911 [nonpub. opn.].) On remand, the trial court entered judgment against plaintiff.

On December 22, 1997, defendants moved for attorney fees pursuant to section 12965, subdivision (b). Defendants sought $25,144.20 in fees on the ground plaintiff's unlawful discrimination claims were unreasonable and meritless. In support of the contention, defendants argued that plaintiff filed this action in derogation of the valid release he had signed for which he received consideration. Plaintiff opposed the summary judgment motion, contending defendants had failed to establish the unlawful discrimination claim was unreasonable, frivolous, meritless, or vexatious because no determination of merits of the discrimination claim had been reached. This was because the summary judgment motion was granted on the basis of the release. Plaintiff argued neither the order granting summary judgment nor this court's unpublished opinion discussed whether plaintiff had been the victim of unlawful discrimination. The trial court granted the motion and awarded defendants attorney fees in the amount of $25,144.20. After notice of entry of judgment was served, this timely appeal followed.

## III. DISCUSSION

Plaintiff contends the trial court erred in awarding attorney fees under section 12965, subdivision (b) which provides in part: "In actions brought under this section, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees and costs . . . ." An attorney fee

award under this section is reviewed for abuse of discretion. (*Bond* v. *Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 921 [57 Cal.Rptr.2d 917]; *Cummings* v. *Benco Building Services* (1992) 11 Cal.App.4th 1383, 1386 [15 Cal.Rptr.2d 53].)

■ Both California and federal law prohibit employers from unlawfully discriminating against employees on the basis of their age. (§ 12941, subd. (a).; 29 U.S.C. § 621 et seq.) The language of the state and federal antidiscrimination statutes is different in some respects; however, because their objectives are the same, California courts have relied upon federal law interpreting title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and the Age Discrimination in Employment Act (ADEA) (29 U.S.C. § 621 et seq.) to interpret the FEHA. (*Reno* v. *Baird* (1998) 18 Cal.4th 640, 647 [76 Cal.Rptr.2d 499, 957 P.2d 1333]; *Hon* v. *Marshall* (1997) 53 Cal.App.4th 470, 475 [62 Cal.Rptr.2d 11]; *Bond* v. *Pulsar Video Productions, supra,* 50 Cal.App.4th at pp. 921-922; *Janken* v. *GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 66 [53 Cal.Rptr.2d 741]; *Addy* v. *Bliss & Glennon* (1996) 44 Cal.App.4th 205, 215 [51 Cal.Rptr.2d 642]; *Cummings* v. *Benco Building Services, supra,* 11 Cal.App.4th at p. 1386.)

■ In *Christiansburg Garment Co.* v. *EEOC* (1978) 434 U.S. 412, 417, 421 [98 S.Ct. 694, 698, 700, 54 L.Ed.2d 648], the United States Supreme Court set forth the standard for determining when attorney fees should be awarded to a prevailing defendant in a title VII case as distinguished from a successful plaintiff. The Supreme Court held: "[A] prevailing plaintiff . . . 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.' " (*Id.* at pp. 416-417 [98 S.Ct. at p. 698].) By contrast, a defendant who prevails in a discrimination claim is not necessarily entitled to an award of fees. (*Patton* v. *County of Kings* (9th Cir. 1988) 857 F.2d 1379, 1381; *Cummings* v. *Benco Building, supra,* 11 Cal.App.4th at pp. 1390-1393.) In *Christiansburg Garment Co.,* the Supreme Court held: "In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." (*Christiansburg Garmet Co.* v. *EEOC, supra,* 434 U.S. at p. 421 [98 S.Ct. at p. 700]; *Hon* v. *Marshall, supra,* 53 Cal.App.4th at pp. 475-476; *Bond* v. *Pulsar Video Productions, supra,* 50 Cal.App.4th at pp. 921-922.) The United States Supreme Court determined that such a rule was necessary to effectuate the congressional purpose of encouraging suits by discrimination victims while deterring frivolous litigation. (*Hughes* v. *Rowe* (1980) 449 U.S. 5, 14 [101 S.Ct. 173, 178, 66 L.Ed.2d 163]; *Roadway Express, Inc.* v. *Piper* (1980) 447 U.S. 752,

762 [100 S.Ct. 2455, 2462, 65 L.Ed.2d 488].) In *Christiansburg Garment Co.* v. *EEOC, supra*, 434 U.S. at pages 421-422 [98 S.Ct. at pages 700-701], the Supreme Court stated: "In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the court of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." (Italics in original; e.g., *Warren* v. *City of Carlsbad* (9th Cir. 1995) 58 F.3d 439, 444.)

Here, plaintiff contends the award was erroneous because the trial court awarded the fees solely on the basis of the summary judgment which was premised on the validity of the release. He argues that before attorney fees may be awarded, there must be a determination on the merits of the unlawful discrimination claim. The arguments are premised on *Hon* v. *Marshall, supra*, 53 Cal.App.4th at pages 475 and 477-478, which framed the primary issue before the court as whether summary judgment on the issue of failure to exhaust administrative remedies precluded an award of attorney fees under section 12965. This was because the determination of the exhaustion issue required no consideration of the merits of the discrimination claim. Plaintiff also relies on *Cummings* v. *Benco Building, supra*, 11 Cal.App.4th at page 1386, which concluded a defendant that succeeds on a summary judgment motion cannot be presumed to be a prevailing party under section 12965. We disagree though with plaintiff's contention that these cases support the conclusion the attorney fees award in this case was improper because the issue resolved at the summary judgment stage involved the release.

In this case, the trial court acted within its discretion to award attorney fees to defendant because plaintiff continued to litigate when it was clear that the claim was frivolous, unreasonable, or groundless due to the executed release which was directed in part at the unlawful discrimination complained of in this lawsuit. (*Christiansburg Garment Co.* v. *EEOC, supra*, 434 U.S. at p. 422 [98 S.Ct. at pp. 700-701]; *Davis* v. *Braniff Airways, Inc.* (N.D.Tex. 1979) 468 F.Supp. 10, 15 [fees imposed against the plaintiff who continued to litigate title VII claim in face of a preexisting release.) After its filing but

before service of the complaint, by letter dated June 1, 1996, defendants advised plaintiff of the prior execution of the "Settlement Agreement and General Release" on February 13, 1995. The letter stated: "Please be advised Mr. Linsley executed a general release of all claims, known and unknown, on February 13, 1995. . . . All the claims also appear to be utterly without basis in fact or law. [¶] In the event that this baseless lawsuit should ever be served on any defendant, we will immediately procure its dismissal."

In that agreement, plaintiff agreed to a general release of all claims against defendant arising from the termination of his employment. Paragraph 1 of the agreement stated: "1. You acknowledge that this Settlement Agreement and General Release is a compromise of disputed claims, and that neither this Settlement Agreement and General Release, nor any compliance herewith or consideration given pursuant hereto, shall be construed as an admission by the Company of any liability whatsoever, including, but not limited to, any liability for any violation by the Company of any right of you or of any person arising under any law, statute, duty, contract, covenant, or order, or any liability for any act of age or other impermissible form of discrimination by the Company against you or any other person, as prohibited by, *inter alia*, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the California Fair Employment and Housing Act, the Workers' Compensation Act, the Unruh and Ralph Civil Rights Laws and that all such liability is expressly denied." (Italics original.)

Paragraph 4 stated: "4. You hereby release and discharge the Company and its officers, directors, stockholders, employees, agents, subsidiaries, and affiliates from any and all claims, demands or liabilities whatsoever, including any claims arising under the Age Discrimination in Employment Act, whether known or unknown or suspected to exist by you which you ever had or may now have against the Company, or any of them including without limitation, any charges, complaints, claims, demands or liabilities in connection with your employment with the Company and the termination of that employment or pursuant to any federal, state or local employment laws, regulations, executive orders or other requirements. In giving this general release, you specifically waive the provisions of Section 1542 of the California Civil Code and any other similar provision of other applicable laws, which section reads as follows: [¶] 'A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.' "

Paragraph 6 of the agreement provided: "6. You represent that you have not filed any complaints or charges or lawsuits against the Company with

any governmental agency or any court, and have not assigned any cause of action to any third party and that you will not file any complaints or charges or lawsuits against the Company for claims arising prior to the date of this Agreement at any time hereafter; provided, however, this shall not limit you from filing a lawsuit for the sole purpose of enforcing your rights under this Settlement Agreement."

Paragraph 11 stated: "11. It is expressly understood that there is no agreement or understanding between you and the Company about or pertaining to the termination of your employment with the Company, or the Company's obligations to you with respect to such termination, except what is set forth in this written Agreement. This Agreement may not be amended or varied except in writing signed by you and the Company."

The concluding paragraph of the agreement provided: "IN SIGNING THIS AGREEMENT AND RELEASE, EACH PARTY REPRESENTS AND WARRANTS THAT IT HAS CAREFULLY READ AND FULLY UNDERSTANDS THIS AGREEMENT AND RELEASE AND ITS FINAL AND BINDING EFFECT; HAS BEEN AFFORDED SUFFICIENT TIME AND OPPORTUNITY TO REVIEW THIS AGREEMENT AND RELEASE WITH ADVISORS [OF] ITS OWN CHOICE; HAVE [HAD] AN OPPORTUNITY TO NEGOTIATE WITH REGARD TO THE TERMS OF THE AGREEMENT; IS FULLY COMPETENT TO MANAGE ITS OWN BUSINESS AFFAIRS AND TO ENTER INTO OR SIGN THIS AGREEMENT AND RELEASE; THAT THE ONLY PROMISES MADE TO INDUCE THEM TO SIGN THIS AGREEMENT AND RELEASE ARE THOSE STATED HEREIN; AND HAS SIGNED THIS AGREEMENT AND RELEASE KNOWINGLY, FREELY AND VOLUNTARILY." Plaintiff executed the release.

A release of unlawful discrimination claims under the FEHA under the circumstances present here was fully enforceable. (Civ. Code, § 1541 ["An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration."]; *Pampillonia* v. *RJR Nabisco, Inc.* (2d Cir. 1998) 138 F.3d 459, 463 ["Accordingly, we hold that the release is unambiguous, was knowingly and voluntarily entered into, and therefore bars the plaintiff from bringing the present action."]; *Bledsoe* v. *Palm Beach Cty. Soil & Water Conserv.* (11th Cir. 1998) 133 F.3d 816, 819 ["an employee can waive his 'cause of action under Title VII as part of a voluntary settlement agreement' if 'the employee's consent to the settlement was voluntary and knowing.' "]; *Wagner* v. *NutraSweet Co.* (7th Cir. 1996) 95 F.3d 527, 532 [". . . a plaintiff may waive a claim under Title VII . . . as part of a voluntary settlement, provided that her consent to the release was voluntary and knowing."];

*Skrbina* v. *Fleming Companies* (1996) 45 Cal.App.4th 1353, 1366 [53 Cal.Rptr.2d 481] ["In general, a written release extinguishes any obligation covered by the release's terms, provided it has not been obtained by fraud, deception, misrepresentation, duress, or undue influence."]; see *Wallin* v. *Minnesota Dept. of Corrections* (8th Cir. 1998) 153 F.3d 681, 689 [" 'employee may waive his cause of action under Title VII *as a part of a voluntary settlement*' " (italics in original)]; *Livingston* v. *Adirondack Beverage Co.* (2d Cir. 1998) 141 F.3d 434, 438 ["We employ a 'totality of the circumstances' test to determine whether a release of Title VII claims is knowing and voluntary."]; *Howlett* v. *Holiday Inns Inc.* (6th Cir. 1997) 120 F.3d 598, 600 [". . . there are eight minimum requirements an ADEA release must meet before it can be considered 'knowing and voluntary.' 29 U.S.C. § 626(f)"]; *Delaney* v. *Superior Fast Freight* (1993) 14 Cal.App.4th 590, 599 [18 Cal.Rptr.2d 33] [release did not extend to civil rights and other claims]; *Asare* v. *Hartford Fire Ins. Co.* (1991) 1 Cal.App.4th 856, 863 [2 Cal.Rptr.2d 452] [triable issue existed as to whether civil rights claims covered by release].)

Plaintiff continued to litigate the matter after his counsel was advised of a release of all claims against the employer related to his termination, including an unlawful discrimination cause of action prior to service of the complaint. Under such circumstances, there was no legal basis to pursue the unlawful discrimination cause of action because plaintiff, who was represented by an attorney, knew or should have known the claims were unreasonable or without foundation because they were explicitly the subject of the release. (*Christiansburg Garment Co.* v. *EEOC, supra,* 434 U.S. at p. 422 [98 S.Ct. at pp. 700-701]; *Davis* v. *Braniff Airways, Inc., supra,* 468 F.Supp. at p. 15; see also *Quiroga* v. *Hasboro, Inc.* (3d Cir. 1991) 934 F.2d 497, 502-503 [discrimination case was legally baseless and found to be an "attorney construct"]; *Badillo* v. *Central Steel & Wire Co.* (7th Cir. 1983) 717 F.2d 1160, 1164 [stating that prevailing defendant may be entitled to attorney fees where plaintiff is aware with some degree of certainty of the factual or legal infirmity of the claim but holding defendant was not entitled to fees under the facts of the case]; *Moss* v. *Associated Press* (C.D.Cal. 1996) 956 F.Supp. 891, 894-895 [defendant entitled to attorney fees in action not frivolous from inception but continued after plaintiff clearly became aware that no facts were available to support the claims]; *Braxton* v. *Bi-State Development Agency* (E.D.Mo. 1983) 561 F.Supp. 889, 890-891 [defendant entitled to attorney fees where plaintiff's conduct was frivolous, unreasonable, and without foundation in that title VII action was based on same set of facts as an earlier case which was filed and dismissed on appeal]; *Gonzales* v. *MetPath, Inc.* (1989) 214 Cal.App.3d 422, 428 [262 Cal.Rptr. 654] [attorney

fees award under section 12965 rendered on appeal where plaintiff brought "baseless action"].) Accordingly, the trial court acted well within its discretion to award attorney fees to the employer for plaintiff's continuing to litigate in the face of this release. (*Christiansburg Garment Co.* v. *EEOC, supra,* 434 U.S. at p. 422 [98 S.Ct. at pp. 700-701]; *Davis* v. *Braniff Airways, Inc., supra,* 468 F.Supp. at p. 15.)

For that reason, we also disagree with plaintiff that this case is controlled by *Hon* v. *Marshall, supra,* 53 Cal.App.4th at pages 475 and 477-478. The issue in *Hon* related to a failure to exhaust remedies which was a basis of all of the plaintiff's claims. The issue of failing to exhaust administrative remedies which was raised in *Hon* is not akin to the ground raised in this case; i.e., the execution of a valid release in which plaintiff agreed to settle all the claims including those based upon unlawful discrimination. Moreover, *Hon* did not address whether a general release is a mere technicality or could never support an attorney fee award. *Hon* also did not address the issue of whether the *Christiansburg* standard is trigged by continuing to pursue litigation in the face of a valid release of unlawful discrimination claims. As noted above, we have concluded in the present case that it was within the trial court's discretion to award attorney fees for continuing to pursue an unlawful discrimination claim where there was no *legal* basis to do so by reason of a release which explicitly released all such causes of action. The United States Supreme Court has held that fees may be imposed when the lawsuit was frivolous, unreasonable, or without foundation. (*Christiansburg Garment Co.* v. *EEOC, supra,* 434 U.S. at p. 422 [98 S.Ct. at pp. 700-701]; *Davis* v. *Braniff Airways, Inc., supra,* 468 F.Supp. at p. 15.) No abuse of discretion occurred; the trial court reasonably could have concluded the lawsuit was frivolous, unreasonable, or without foundation given the release.

Finally, we agree with defendants that they are entitled to their fees for having to defend this appeal. (*Guthrey* v. *State of California* (1998) 63 Cal.App.4th 1108, 1126-1127 [75 Cal.Rptr.2d 27]; *Gonzales* v. *MetPath, Inc., supra,* 214 Cal.App.3d at p. 428.) As we have concluded, there was no legal basis for plaintiff's pursuit of the unlawful discrimination claims in spite of a valid release. Plaintiff's pursuit of the claims established defendants' right to attorney fees under section 12965. The release rendered the lawsuit meritless from its inception. The lawsuit has not become meritorious by reason of this appeal which still involves plaintiff's continued litigation of claims after he executed a valid release of same, the validity of which was established as a matter of law at the summary judgment stage. Any fee request must be made in compliance with rule 870.2 of the California Rules of Court.

## IV. DISPOSITION

The judgment is affirmed. Defendants are awarded costs on appeal. The matter is remanded to the trial court for a determination of defendants' attorney fees on appeal in compliance with rule 870.2 of the California Rules of Court and Government Code section 12965.

Armstrong, J., and Godoy Perez, J., concurred.