Anthony MUNOZ, Plaintiff–Appellant,

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS; Ronald Miller, Defendants–Appellees.**

No. 99–15964.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 13, 2000.

Decided Jan. 29, 2001.

884

Before KOZINSKI, HAWKINS and BERZON, Circuit Judges.

## MEMORANDUM*

■ 1. Defendants-appellees' Eleventh Amendment argument under *Kimel v. Florida Bd. of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), comes too late and in too elliptical a form for us to consider. "The Eleventh Amendment ... does not automatically destroy original jurisdiction.... Nor need a court raise the defect on its own. Unless the state raises the matter, a court can ignore it." *Wisconsin Dep't of Corr. v. Schacht,* 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *see also Blessing v. Freestone,* 520 U.S. 329, 340 n. 3, 117 S.Ct. 1353, 137 L.Ed.2d 569 (1997). Here, defendants-appellees argued that the Eleventh Amendment bars the ADEA claim only after moving for summary judgment on the merits in the district court and briefing the merits of the case on appeal. Moreover, the 28(j) letter submitted by defendants-appellees did not affirmatively assert the State's Eleventh Amendment immunity in this case, but rather advanced the false proposition that "the ADEA is unconstitutional as applied to the State of California." Under these circumstances, the State waived its Eleventh Amendment immunity, and we reach the merits of the ADEA claim. *See Hill v. Blind Indus. and Servs. of Maryland,* 179 F.3d 754, 762 (9th Cir. 1999). Accordingly, we review the grant of summary judgment on the merits.

■ 2. With respect to Munoz's ADEA claim, we agree with the district court that Munoz failed to show that defendants' proffered nondiscriminatory reasons for his transfer from the Transportation Team were pretextual. We further conclude that Munoz failed to make out a prima facie case of discrimination with respect to the allocation of overtime assignments.

■ 3. Because the same standards apply to Munoz's allegations of age-based harassment brought under FEHA, *Linsley v. Twentieth Century Fox Films Corp.,* 75 Cal.App.4th 762, 89 Cal.Rptr.2d 429, 431 (1999), we affirm the grant of summary judgment on those claims. Some of the offensive remarks Munoz alleges were not age-based, and the others were both isolated and trivial. The district court therefore correctly concluded that Munoz's allega-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tions, even if true, are insufficient to make out a claim of age-based harassment.

AFFIRMED.